IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cr-30043 |
| ) | |
| JAMES RUSSWINKEL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant James Russwinkel's Motion for Judgment of Acquittal or, in the alternative, Motion for a New Trial [Doc. 81].

At the conclusion of a jury trial on May 29, 2024, a 12-person jury found Defendant James Russwinkel guilty on Counts One, Two, and Three of the Indictment which charged, respectively, Possession of a Firearm/Ammunition by a Prohibited Person; Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and Possession with Intent to Distribute a Controlled Substance. Defendant now moves for a judgment of acquittal or a new trial.

In support of the motion, Defendant claims that a reasonable jury could not have found beyond a reasonable doubt that Defendant possessed the controlled substance with the intent to distribute and, therefore, the firearm could not have been possessed to further the alleged drug trafficking activity. (Doc. 81 at 2). Defendant also alleges the Court erred in permitting the Government's purported expert, Keagan Robinson, to

testify to matters that were not outside the scope of knowledge of the average juror. (*Id.*) Defendant asserts the error was exacerbated when the expert opined that Defendant had the mental state that constituted an element of the offense, which is solely a matter for the trier of fact. *Id.* Defendant also contends the Court erred in denying his request that the jury be instructed on the lesser included offense of simple possession. *Id.* Finally, Defendant alleges the Court erred in overruling Defendant's objection to the Government's closing argument concerning the firearm once being loaded. *Id.* at 3.

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). "The issue on a motion under Rule 29(c) is . . . whether the evidence, taken in the light most favorable to the verdict, permits a sensible person to find beyond a reasonable doubt that the defendant committed the crime alleged." *United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003). Rule 29 does not permit the trial judge "to play thirteenth juror." *Id.* The defendant's burden to prevail on a motion for acquittal after a jury has returned a guilty verdict is a "nearly insurmountable hurdle." *United States v. Filer*, 56 F.4th 421, 425 (7th Cir. 2022). However, "the height of the hurdle depends directly on the strength of the government's evidence." *Id.*

Rule 33 authorizes district courts to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Granting a new trial is "reserved for only the most extreme cases," and courts "approach such motions with great caution" because courts are reluctant to second-guess the jury's determination. *United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021) (quotation marks and citations omitted). Courts have interpreted the Rule 33 standard "to require a new trial in a variety of situations in

which trial errors or omissions have jeopardized the defendant's substantial rights." *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

The Court has reviewed the trial record and finds that, upon viewing the evidence in a light most favorable to the Government, a rational jury could find all of the essential elements as to each count. As the Government notes, Defendant was found with a loaded magazine in his front pocket, a loose bullet in his back pocket, and a large amount of cash in his front right pocket. (Doc. 83 at 2). Defendant was the driver and sole occupant of the vehicle, where law enforcement located over 26 grams of methamphetamine broken down into separate bags; a large amount of U.S. currency which, when added with what was found in his pocket, totaled over $14,000; and a firearm missing its magazine. (*Id.*) The testimony and evidence presented at trial were sufficient to meet the elements for each charge.

The Court previously addressed Defendant's arguments regarding Robinson's expert testimony and the lesser included instruction. Defendant's motion makes no new arguments and cites no evidence not already considered by the Court. Accordingly, Defendant's motion is denied to the extent it is premised on Robinson's testimony or the lack of a lesser included instruction.

To the extent Defendant's motion is based on Defendant's objection to Government counsel's closing argument regarding the firearm once being loaded, the Court concludes that was permissible argument based on the evidence presented at trial. Specifically, Springfield Police Officer Matthew Dowis testified regarding how a firearm is made safe and unloaded and how long it would take to load and unload the firearm

while in the vehicle. The evidence established that Defendant was found with a loaded magazine in one pocket and a loose bullet in another pocket, and a firearm missing its magazine was found in the vehicle. Defendant's motion is denied to the extent it is premised on Defendant's objection to the Government's closing argument.

Additionally, the verdict is not so contrary to the weight of the evidence that the interests of justice require a new trial. Fed. R. Crim. P. 33. Upon reviewing the alleged errors, the Court finds none of Defendant's allegations—standing alone or cumulatively—warrant a new trial in the interests of justice.

For all of these reasons, Defendant James Russwinkel's Motion for Judgment of Acquittal or, in the alternative, Motion for a New Trial [Doc. 81] is DENIED.

ENTER: July 11, 2024

FOR THE COURT:

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE